IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

**John Nunez, Plaintiff**

vs.

**American Airlines, Inc., Defendant**

**Case No.** 24-cv-24470-RKA

FILED BY ___ D.C.
NOV 12 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT FOR DAMAGES, DEFAMATION, DISCRIMINATION, EMOTIONAL DISTRESS, AND INJUNCTIVE RELIEF

**Parties and Contact Information**

**Plaintiff**

**John Nunez**
**14475 SW 23rd Terrace**
**Miami, FL 33175**
Email: johnnunez@ymail.com
Phone: (786) 786-425-1966

**Defendant**

**American Airlines, Inc.**
**Corporate Headquarters:**
**1 Skyview Drive, MD 8A301**
**Fort Worth, TX 75155**
Phone: (817) 963-1234

**Registered Agent for Service of Process in Florida**

**C T Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**
**Phone: (954) 473-5503**

**Alternate Registered Agent for Service of Process in Delaware**
**The Corporation Trust Company**
**Corporation Trust Center**
**1209 Orange Street**
**Wilmington, DE 19801**
**Phone: (302) 658-7581**

## Introduction

Plaintiff John Nunez, a Platinum Executive member of American Airlines and frequent non-revenue traveler, files this complaint against American Airlines, Inc., alleging severe violations of his civil and statutory rights following discriminatory, defamatory, and punitive actions by Defendant and its crew. On June 3, 2022, Defendant's flight crew on Flight 1124 subjected Plaintiff to racially and appearance-based profiling, denied him necessary medical accommodation, publicly defamed him, and imposed a lifetime travel ban without substantive cause. This conduct has inflicted profound harm on Plaintiff's reputation, emotional health, and quality of life. Plaintiff seeks relief for damages, defamation, emotional distress, and an injunction to restore his travel privileges and to enforce policy changes at American Airlines.

## Jurisdiction and Venue

1. This Court has jurisdiction over this action under **28 U.S.C. § 1331** for federal questions concerning aviation safety, anti-discrimination, and disability accommodation laws, and under **28 U.S.C. § 1332** based on diversity of citizenship, as Plaintiff resides in Florida, Defendant is headquartered in Texas, and the amount in controversy exceeds $75,000.

2. Venue is proper in the Southern District of Florida under **28 U.S.C. § 1391(b)(2)** because Plaintiff resides in this District, and Defendant's actions have caused Plaintiff significant harm in this District.

## Background Facts

1. **Plaintiff's Relationship with American Airlines**

   Plaintiff has an established and longstanding relationship with American Airlines through his Platinum Executive status and family ties to the airline. As the son of a 33-year American Airlines employee, Plaintiff travels frequently on non-revenue status to visit his young son in Colombia. Plaintiff's Platinum Executive status entitles him to specific service levels and respectful treatment, which were grossly disregarded by Defendant's staff.

2. **Incident on Flight 1124 and Denial of Medical Accommodation**

   On June 3, 2022, while traveling on Flight 1124, Plaintiff informed the crew of his medical need for urgent restroom access. Despite clearly articulating his condition, the flight attendants denied this reasonable request, displaying hostility and escalating a simple medical accommodation into an exaggerated and defamatory incident. This denial violated the **Air Carrier Access Act (ACAA)**, as well as accessibility principles under the **Americans with Disabilities Act (ADA)**.

3. **Discriminatory Profiling Based on Race, Attire, and Non-Revenue Status**

   Plaintiff believes his attire, race, and non-revenue status led the crew to profile him unfairly, making assumptions about his behavior and dismissing his legitimate needs. This pattern of bias was evident in the dismissive treatment he received, his removal from the flight, and the crew's attempt to cast

him as a disruptive passenger, despite his compliance and peaceful demeanor. These actions constitute violations of Plaintiff's rights under **42 U.S.C. § 1981**.

4. **Defamation and Public Humiliation**

   Defendant allowed defamatory and unsubstantiated claims to spread, portraying Plaintiff as intoxicated and unruly, which later went viral, significantly damaging his personal and professional reputation. **Judge Rawald's findings** corroborated that these statements were unsupported and harmful, exacerbating the defamation suffered by Plaintiff and contributing to his lasting emotional and reputational harm.

5. **Lifetime Ban and Judicial Findings by Judge Rawald** American Airlines imposed an unjustified lifetime ban on Plaintiff following the incident, which Judge Rawald later found to be based on unsubstantiated and exaggerated accounts from the flight crew. The judge's findings underscore that this ban was punitive, discriminatory, and lacking in objective justification, further evidencing the unlawful conduct of American Airlines in this case.

## Claims for Relief

### Count I: Violation of Federal Aviation Regulations (14 C.F.R. § 121.580)

6. Plaintiff realleges and incorporates by reference all prior paragraphs.

7. Under **14 C.F.R. § 121.580**, passengers must not interfere with crew duties. However, the flight crew escalated Plaintiff's request for medical assistance into a "disruptive" event without justification. **Judge Rawald's findings** confirm that these accusations were exaggerated and unsubstantiated, warranting no such punitive measures.

### Count II: Violation of the Air Carrier Access Act (ACAA), 49 U.S.C. § 41705

8. Plaintiff realleges and incorporates by reference all prior paragraphs.

9. Defendant violated the **ACAA** by denying Plaintiff reasonable medical accommodation for restroom access despite his documented medical condition. **Judge Rawald** confirmed that this denial was excessive, further showing disregard for Plaintiff's statutory rights and well-being.

### Count III: Violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101

10. Plaintiff realleges and incorporates by reference all prior paragraphs.

11. Defendant's failure to provide reasonable accommodation for Plaintiff's medical condition violated accessibility standards akin to those protected under the **ADA**, thereby subjecting Plaintiff to unnecessary distress.

## Count IV: Civil Rights Violations – 42 U.S.C. § 1981 (Equal Rights Under the Law)

12. Plaintiff realleges and incorporates by reference all prior paragraphs.

13. Under **42 U.S.C. § 1981**, individuals are guaranteed equal rights in all contractual relationships, including public accommodations like airline travel. Plaintiff was unfairly profiled based on race, attire, and non-revenue status. **Judge Rawald's findings** underscore the bias in Defendant's actions, confirming discriminatory treatment and unlawful profiling.

## Count V: Negligent Infliction of Emotional Distress (Florida Law)

14. Plaintiff realleges and incorporates by reference all prior paragraphs.

15. The flight crew's negligent and hostile treatment of Plaintiff, including the denial of his medical needs and defamatory accusations, caused Plaintiff severe emotional distress. **Judge Rawald's findings** indicate the actions were unreasonably hostile, substantiating Plaintiff's claim for negligent infliction of emotional distress.

## Count VI: Defamation and Slander (Florida Law)

16. Plaintiff realleges and incorporates by reference all prior paragraphs.

17. Defendant allowed false and defamatory statements to spread publicly, falsely portraying Plaintiff as intoxicated and disruptive. **Judge Rawald** concluded these statements were baseless and harmful, resulting in significant damage to Plaintiff's personal and professional reputation.

## Count VII: Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing

18. Plaintiff realleges and incorporates by reference all prior paragraphs.

19. Defendant failed to act in good faith by imposing a lifetime ban and disregarding Plaintiff's needs, in direct violation of his Platinum Executive status. **Judge Rawald** emphasized that the actions taken were not reasonable or justified, breaching the covenant of good faith.

## **Request for Injunctive Relief**

Plaintiff requests a preliminary and permanent injunction to restore his flight privileges, based on the following grounds:

1. **Unsubstantiated Ban**: Judge Rawald's findings confirm that the ban was based on unverified, biased accusations.

2. **Ongoing Harm to Plaintiff**: The ban severely restricts Plaintiff's ability to maintain family connections, specifically with his young son in Colombia.

3. **Public Interest:** Restoring Plaintiff's rights and addressing these discriminatory practices serves the public by reinforcing fair and lawful treatment of passengers.

## Prayer for Relief

Wherefore, Plaintiff John Nunez respectfully requests that this Court enter a judgment in his favor and award the following relief:

1. **Compensatory Damages:** $1,000,000 for emotional distress, reputational harm, and career losses.

2. **Punitive Damages:** $15,000,000 to deter similar conduct by Defendant.

3. **Defamation Damages:** $250,000 for harm caused by defamatory statements.

4. **Professional and Social Losses:** $250,000 for diminished opportunities and reputational harm.

5. **Negligent Infliction of Emotional Distress:** $250,000 for the harm caused by Defendant's negligence.

6. **Legal Costs and Fees:** To be determined by the Court.

7. **Interest:** Prejudgment and postjudgment interest as permitted by law.

8. **Public Retraction:** An order requiring Defendant to issue a public retraction and apology for the defamatory statements made regarding Plaintiff. This retraction should be published on American Airlines' official website, social media channels, and any other platform where defamatory content or statements were disseminated, with clear language correcting the record and acknowledging the lack of substantiation in the crew's accusations.

9. **Policy Reform and Compliance Reporting:** Injunctive relief requiring Defendant to implement the following policy changes to prevent similar harm to future passengers:

- **Anti-Discrimination and Bias Training:** Implement mandatory training for all flight crew and ground staff on anti-discrimination practices, bias prevention, and equitable treatment of all passengers, regardless of race, attire, or non-revenue status.

- **Medical Accommodation Protocol:** Establish and enforce clear protocols for accommodating passengers with medical needs, in compliance with the ACAA and ADA principles, to ensure respectful and appropriate handling of such requests.

- **Compliance and Accountability Reporting:** Require Defendant to submit annual public reports detailing anti-discrimination policy compliance, passenger complaint statistics, and corrective actions taken in response to complaints involving bias, profiling, or denial of medical accommodations.

10. **Permanent Restoration of Travel Privileges:** An order permanently restoring Plaintiff's travel privileges with American Airlines, lifting the lifetime ban, and ensuring that all negative records related to the incident are removed from Plaintiff's file with American Airlines.

### Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable, to allow a jury to fully consider the impact of Defendant's actions on Plaintiff's rights, reputation, and quality of life.

**Dated: November 11, 2024**
**Respectfully submitted,**
**John Nunez, Pro Se**
**14475 SW 23rd Terrace**
**Miami, FL 33175**
**Email: johnnunez@ymail.com**
**Phone: (786) 425-1966**

*/s/ John Nunez*
11/12/24